IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | |
|---|---|
| **GARY L. LUCAS,**<br>*Plaintiff,*<br>**v.**<br>**CLARKE COUNTY, GEORGIA,** ***et al.*****,**<br>***Defendants*****.** | **CIVIL ACTION NO.**<br>**3:25-cv-00143-TES** |

**ORDER**

Pro se Plaintiff Gary L. Lucas commenced this civil action on September 8, 2025, by filing a Complaint [Doc. 1] and moving for leave to proceed *in forma pauperis* ("IFP")—that is, without prepaying fees and costs. *See* [Doc. 2]. Because the Court **GRANTS** Plaintiff's Motion for Leave to Proceed IFP [Doc. 2] and waives the filing fee, the Court must screen his Complaint. *See* 28 U.S.C. § 1915(e).

**MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS***

Authority for granting a plaintiff permission to file a lawsuit without prepayment of fees and costs is found in 28 U.S.C. § 1915, which provides as follows:

> [Generally], any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of

> all assets such prisoner possesses[1] that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress.

28 U.S.C. § 1915(a)(1). A plaintiff's application is sufficient to warrant a waiver of filing fees if it "represents that the litigant, because of [her] poverty, is unable to pay for the court fees and costs, and to support and provide necessities for [herself] and [her] dependents." *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1307 (11th Cir. 2004). After reviewing Plaintiff's application, the Court **GRANTS** Plaintiff's Motion for Leave to Proceed *In Forma Pauperis* [Doc. 2] or, stated differently, grants him IFP status.

## FRIVOLITY REVIEW

### A. Legal Standard

Since Plaintiff is proceeding *in forma pauperis*, § 1915(e) requires the Court to review his pleadings to determine whether they are frivolous or malicious or fail to state a claim for which relief may be granted. 28 U.S.C. §§ 1915(e)(2)(B)(i)–(ii). The Eleventh Circuit has determined that "§ 1915(e), which governs proceedings *in forma pauperis* generally . . . permits district courts to dismiss a case 'at any time' if the complaint 'fails to state a claim on which relief may be granted.'" *Robinson v. United States*, 484 F. App'x 421, 422 n.2 (11th Cir. 2012) (per curiam) (quoting 28 U.S.C. § 1915(e)(2)(B)(ii)). The proper contours of the term "frivolous," have been defined by

[1] "Despite the statute's use of the phrase 'prisoner possesses,' the affidavit requirement applies to all persons requesting leave to proceed [*in forma pauperis*]." *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1306 n.1 (11th Cir. 2004).

the Supreme Court to encompass complaints that, despite their factual allegations and legal conclusions, lack an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). These types of complaints are subject to sua sponte dismissal by a district court. *Id.* at 324 (noting that dismissals under § 1915(e) "are often made sua sponte prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of answering such complaints").

More specifically, to survive this initial review, a claim must contain "sufficient factual matter, accepted as true, to state a claim that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Federal Rule of Civil Procedure 12(b)(6) "authorizes a court to dismiss a claim on the basis of a dispositive issue of law." *Neitzke*, 490 U.S. at 326 (citing *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984)). Operating on the assumption that the factual allegations in the complaint are true, such dismissal procedure streamlines litigation by dispensing with unnecessary discovery and factfinding. *Id.* However, a complaint will survive under Rule 12(b)(6) if it alleges sufficient factual matter (accepted as true) that states a claim for relief that is plausible on its face. *McCullough v. Finley*, 907 F.3d 1324, 1333 (11th Cir. 2018) (citing *Ashcroft*, 556 U.S. at 678–79).

Frivolity review under § 1915(e), on the other hand, has a separate function. Section 1915(e) is designed to discourage the filing of—and waste of judicial and private resources upon—baseless lawsuits that paying litigants generally do not initiate due to

filing costs and the potential threat of sanctions associated with filing such a lawsuit. *Id.* "To this end, the statute accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of [a] complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Id.* Even though Rule 12 and § 1915(e) both counsel dismissal and share "considerable common ground" with each other, one dismissal standard does not invariably encompass the other. *Id.* at 328. "When a complaint raises an arguable question of law which the district court ultimately finds is correctly resolved against [a] plaintiff, dismissal on Rule 12(b)(6) grounds is appropriate, but dismissal on the basis of frivolousness is not." *Id.*

**B. <u>Plaintiff's Complaint</u>**

Courts construe complaints filed by pro se plaintiffs liberally and hold their allegations to a less stringent standard than formal pleadings drafted by lawyers. *Hughes v. Lott*, 350 F.3d 1157, 1160 (11th Cir. 2003). However, despite the Court's liberal construction, a pro se litigant is still required to follow a court's local rules and the Federal Rules of Civil Procedure like litigants who are represented by counsel. *Fotse v. Angel Oak Prime Bridge, LLC*, 2020 WL 9936688, at *4 (N.D. Ga. Feb. 27, 2020) (citing *Allison v. Utah Cnty. Corp.*, 335 F. Supp. 2d 1310, 1313 (D. Utah 2004)). In his Complaint, Plaintiff seeks relief presumably under 42 U.S.C. § 1983 as he complains that his due process rights are actively being violated by Judge Benjamin Makin, Chief Magistrate

Judge in Athens-Clarke County, Georgia. [Doc. 1, p. 3]. According to Plaintiff, Judge Makin ordered that Plaintiff must wear a Secure Continuous Remote Alcohol Monitoring (SCRAM) device on June 20, 2025, based on "a single citation for DUI as a condition of bail." [*Id.*]. Plaintiff further asserts that this action violates his due process rights by "punishing [him] prior to any court finding" and that it has "caused much disruption in every area of his life." [*Id.*].

However, as written, Plaintiff's Complaint does not pass muster. Plaintiff's allegations center primarily around actions taken by Judge Makin in his capacity as Chief Magistrate Judge. But, "[a] judge is entitled to absolute judicial immunity from damages for actions taken while acting in [his] judicial capacity, unless [he] acted in the 'clear absence of all jurisdiction.'" *Sibley v. Lando*, 437 F.3d 1067, 1070–72 (11th Cir. 2005). With respect to Plaintiff's claims against Judge Makin, he is entitled to judicial immunity, because he committed a judicial act when he ordered that Plaintiff wear a SCRAM device pending trial following his citation for DUI. Judicial immunity applies even when the judge's acts are in "error, malicious, or in excess of her jurisdiction." *Higdon v. Tusan*, 746 F. App'x 805, 810 (11th Cir. 2018); *see also Davis v. Tinsley*, No. 2:15cv664–MHT–TFM, 2015 WL 7577454, at *1 (M.D. Ala. Oct. 22, 2015) (citing *Wuyisa v. City of Miami Beach*, 389 F. App'x 389, 392, (11th Cir. 2015) (per curiam) (municipal court judge entitled to absolute immunity from damages for actions taken in official capacity)). Rest assured, judicial immunity "is not for the protection or benefit of a

malicious or corrupt judge," but instead exists for the benefit of the public and its all-important interest that judges "should be at liberty to exercise their functions with independence and without fear of consequences." *Id.* (quoting *Pearson v. Ray*, 386 U.S. 547, 554 (1967)).

In the Eleventh Circuit,

> [a] finding of judicial immunity depends on whether: (1) the act complained of constituted a normal judicial function; (2) the events occurred in the judge's chambers or in open court; (3) the controversy involved a case pending before the judge; or (4) the confrontation arose immediately out of a visit to the judge in her judicial capacity.

*Sibley*, 437 F.3d at 1070. Judge Makin's action of requiring Plaintiff to wear a SCRAM device after the issuance of a DUI citation clearly constitutes an exercise of a judicial function held in open court. Moreover, the controversy currently before this Court undeniably involves actions by Judge Makin in his judicial capacity. Therefore, pursuant to judicial immunity the Court **DISMISSES** Plaintiff's Section 1983 claim asserted against Judge Benjamin Makin **without prejudice**.

Additionally, in the Complaint's caption, Plaintiff lists Athens-Clarke County, Georgia, as a defendant in this action.[2] While local governments are considered "persons" for purposes of § 1983, they "cannot be held liable *solely* because it employs a tortfeasor—or, in other words, a municipality cannot be held liable under § 1983 on a

[2] Notably, though, Plaintiff does not list Athens-Clarke County in the "Defendants" section of his Complaint. *See* [Doc. 1, pp. 1-2].

*respondeat superior* theory." *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978). However, while local government entities "may not be sued under § 1983 for an injury inflicted solely by its employees or agents," they can be held liable "when execution of a . . . policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury." *Id.* at 694; *Epps v. Watson*, 3:05-CV-68(CDL), 2006 WL 8445883, at *8 (M.D. Ga. May 25, 2006), *aff'd*, 492 F.3d 1240 (11th Cir. 2007) (first citing *Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986); and then citing *Monell*, 436 U.S. at 694) ("It is true that a local government entity may not be held liable under § 1983 solely for the acts of its employees—§ 1983 liability must be predicated upon the acts of the entity.").

In this case, Plaintiff has failed to allege a single fact indicating that Athens-Clarke County has any policy or custom that has inflicted an injury upon him. In fact, Plaintiff has failed to allege *any* facts regarding Athens-Clarke County's involvement in this case. It appears that Athens-Clarke County is merely listed as a Defendant in this action with no supporting facts or allegations to support its involvement. Without more, Plaintiff cannot sustain a claim against Athens-Clarke County in this case.

**C. Conclusion**

Accordingly, the Court **GRANTS** Plaintiff's Motion for Leave to Proceed IFP [Doc. 2]. Then, upon review of Plaintiff's Complaint [Doc. 1] under 28 U.S.C. § 1915(e),

the Court **DISMISSES** it **without prejudice** for failure to state a claim. 28 U.S.C. § 1915(e)(2)(B)(ii).

**SO ORDERED**, this 12th day of September, 2025.

S/ Tilman E. Self, III
**TILMAN E. SELF, III, JUDGE**
**UNITED STATES DISTRICT COURT**